IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IPXPHARMA, LLC,

    Plaintiffs,

vs.

MILLENNIUM PHARMACEUTICALS, INC.

    Defendant.

CIVIL ACTION NO. _____

**COMPLAINT FOR PATENT INFRINGEMENT**

**JURY DEMANDED**

## COMPLAINT

Plaintiff, IPXpharma, LLC ("IPX") for its Complaint for Patent Infringement against Defendant Millennium Pharmaceuticals, Inc. ("Millennium") alleges as follows:

### PARTIES

1. Plaintiff, IPXpharma, LLC, is a Texas limited liability company having its principal place of business at 102 Woodmont Boulevard, Suite 600, Nashville, TN 37205.

2. On information and belief, Defendant Millennium is a Delaware corporation having its principal place of business at 40 Landsdowne Street, Cambridge, Massachusetts 02139.

## JURISDICTION AND VENUE

3. This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 2202.

5. On information and belief, Millennium is subject to personal jurisdiction in the Middle District of Tennessee (the "District"), consistent with the principles of due process and the Tennessee Long Arm Statute, because Millennium offers its products for sale in this District, has transacted business in this District, has committed and/or induced acts of patent infringement in this District, and/or has placed infringing products into the stream of commerce through established distribution channels with the expectation that such products will be purchased by residents of this District.

6. In a patent case, venue is proper "in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b). "[A] defendant that is a corporation shall be deemed to reside in any judicial district in which it is

2
{B1794933}
Case 3:14-cv-01545   Document 1   Filed 07/28/14   Page 2 of 5 PageID #: 2

subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c)(2). Thus, venue is proper in the District because, as set forth above, Millennium, a corporate defendant, is subject to personal jurisdiction in the District.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,171,786

7. IPX is the owner of all right, title, and interest in U.S. Patent No. 6,171,786 (the "'786 patent"), entitled "Methods for Preventing Multidrug Resistance in Cancer Cells," duly and properly issued by the U.S. Patent and Trademark Office on January 9, 2001. A copy of the '786 patent is attached as Exhibit A.

8. Millennium markets and sells Velcade in the United States.

9. On information and belief, Millennium has been and/or is infringing the '786 patent, pursuant to 35 U.S.C. § 271(a), (b), (c) and/or (g), either directly and/or indirectly, literally or under the doctrine of equivalents, by among other things making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, and/or inducing others to do the same, without authority, products or processes that are covered by at least claims 14 and 22 of the '786 patent including, by way of example and not limitation, Velcade.

10. IPX has been and continues to be damaged by Millennium's infringement of the '786 patent in an amount to be determined at trial.

11. On information and belief, Millennium had knowledge of the '786 patent. Further, on information and belief, Millennium had knowledge that the manufacture and sale of Velcade, infringed the '786 patent. As a result, on information and belief, Millennium's infringement of the '786 patent is willful and deliberate, entitling IPX to enhanced damages and reasonable attorneys fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, IPX prays for relief as follows:

A. For a judgment declaring that Millennium has infringed the '786 patent;

B. For a judgment awarding IPX compensatory damages as a result of Millennium's infringement of the '786 patent, together with interest and costs, and in no event less than a reasonable royalty;

C. For a judgment declaring that Millennium's infringement of the '786 patent has been willful and deliberate;

D. For a judgment awarding IPX treble damages and pre-judgment interest under 35 U.S.C. § 284 as a result of Millennium's willful and deliberate infringement of the '786 patent;

E.  For a judgment declaring that this case is exceptional and awarding IPX its expenses, costs, and attorneys fees in accordance with 35 U.S.C. §§ 284 and 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

F.  For such other and further relief as the Court deems just and proper.

## DEMAND OF JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, IPX respectfully requests a trial by jury of all issues properly triable by jury.

DATED:  July 28, 2014

Respectfully submitted,

*[signature]*

R. Larry Fantroy Jr. (BPR #31655)
Jay M. Ezelle (Pending Pro Hac Vice g)
Cole R. Gresham (Pending Pro Hac Vice)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
*jme@starneslaw.com*
*crg@starneslaw.com*
**Attorneys for IPX**