# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IPXPHARMA, LLC, | |
| Plaintiff, | |
| v. | Case No. 3:14-cv-01545<br>Judge Trauger<br>Magistrate Griffin |
| MILLENNIUM PHARMACEUTICALS, INC., | **JURY DEMANDED** |
| Defendant. | |

## **IPXPHARMA'S OPPOSITION TO MILLENNIUM'S MOTION TO DISMISS**

# TABLE OF CONTENTS

                                                                                                                       **Page**

**TABLE OF AUTHORITIES** ................................................................................................. ii

**INTRODUCTION** ................................................................................................................. 1

**DISCUSSION** ....................................................................................................................... 2

    **I.**    **IPXPHARMA HAS STANDING TO SUE FOR INFRINGEMENT OF THE '786 PATENT** ........................................................................................................... 2

    **II.**   **IPXPHARMA PROPERLY PLEADED A CLAIM FOR DIRECT INFRINGEMENT OF THE '786 PATENT.** ........................................................................................ 2

**CONCLUSION** ..................................................................................................................... 4

# TABLE OF AUTHORITIES

**CASES**

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323 (Fed. Cir. 2012) ..................................................................................................3

*TQP Dev., LLC v. Yelp Inc.*, 2:12-CV-656-JRG-RSP, 2013 WL 4771373 (E.D. Tex. Sept. 5, 2013) ..............................................................................................4

**STATUTES**

35 U.S.C. § 271(a) ..............................................................................................4

35 U.S.C. §100(d) ...............................................................................................2

**RULES**

Form 18 of the Federal Rules of Civil Procedure ................................................3, 4

**TREATISES**

12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 3162 (2d ed. 1997) ..................................................................4

# INTRODUCTION

None of the three (3) arguments raised in Millennium's Motion to Dismiss justify dismissal of this action. First, Millennium's primary argument that IPXpharma lacks standing is based on an incorrect assumption that the inventors of the '786 patent, Alexander Shtil and Igor Roninson, "had no rights to assign" when they assigned their rights in the '786 patent to IPXpharma on April 7, 2014. Millennium ignores the fact that the University of Illinois assigned its interest in the '786 patent back to the inventors prior to the April 2014 assignment to IPXpharma. (Declaration of Cole R. Gresham ("Gresham Decl."), Ex. 1 ¶ 3, Ex. A.) As the assignees of the inventors with a valid right to make the assignment, it cannot be disputed that IPXpharma has standing to pursue this infringement claim against Millennium.

Millennium's second argument fails as well, and is based on a factual assumption that Millennium knows is untrue. Millennium argues that IPXpharma failed to allege that the marketing and sales of Velcade occurred before the patent expired. Yet, Millennium certainly knows that the U.S. Food and Drug Administration approved Velcade, and Millennium began selling Velcade in 2003, more than 9 years before the date Millennium claims the '786 patent expired. (Gresham Decl. ¶ 4, Ex. B.) Beyond being based on a hypothetical untruth, this argument has been rejected by other courts as an "overly technical objection"

1

because the law does not require the pleading of exact dates because it is statutorily based on infringement that occurs "during the term of the patent."

Millennium's final argument—that IPXpharma failed to properly plead claims for induced or contributory infringement—requires no substantive response because IPXpharma has not asserted specific claims for induced or contributory infringement.[1]

## DISCUSSION

**I.  IPXPHARMA HAS STANDING TO SUE FOR INFRINGEMENT OF THE '786 PATENT**

IPXpharma and Millennium agree that "the successors in title to the patentee" have the right to enforce a patent. (Doc. 33 at 5, quoting 35 U.S.C. §100(d)). Millennium assumes that the inventors' April 2014 assignment to IPXpharma was a nullity based on its faulty assumption that the Board of Trustees of the University of Illinois ("Illinois") still owns the '786 patent. Millennium's assumption, however, is incorrect. Illinois assigned the patent back to the inventors prior to their April 2014 assignment to IPXpharma. (Gresham Decl. Ex. 1 ¶ 3, Ex. A.) The inventors had legal ownership of the '786 patent at the time they assigned it to IPXpharma, and IPXpharma has standing to sue Millennium for infringement.

**II.  IPXPHARMA PROPERLY PLEADED A CLAIM FOR DIRECT INFRINGEMENT OF THE '786 PATENT.**

---

[1] IPXpharma does reserve the right to seek leave to amend the Complaint should it obtain evidence of induced or contributory infringement.

2

Millennium's argument that it was not placed on notice as to when the infringing acts occurred is based on a hypothetical that, as Millennium is well aware, has no basis in fact. The Complaint clearly puts Millennium on notice that IPXpharma is alleging that Millennium's past manufacturing, marketing and sales of the drug Velcade infringe the '786 patent. (Compl. at ¶ 9.) In spite of this, Millennium pleads lack of notice because "[i]f Millennium had engaged in the alleged acts, but did so only after September 18, 2012, then there would be no infringement." However, Millennium certainly knows that its manufacturing, marketing, and sales of Velcade began many years before September 18, 2012, as Velcade was initially approved, marketed, and sold in 2003. (Gresham Decl. Ex. 1, ¶ 4, Ex. B.) Thus, Millennium's argument based on an untrue hypothetical is wholly disingenuous.

In addition, Millennium's argument is also legally insupportable. There is no requirement that the Complaint spell out the exact dates of Millennium's infringement. Form 18 of the Federal Rules of Civil Procedure dictates the specificity required to state a claim for direct infringement. *See In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) (noting that a "'pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked.'" (quoting 12 Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* §

3162 (2d ed. 1997)). Form 18 only requires the plaintiff plead that "The defendant has infringed" the patent. Form 18 does not require pleading the specific date the infringement began, or the dates the infringement continued.

By definition, a claim for direct infringement under 35 U.S.C. § 271(a) alleges that the acts of infringement occurred "during the term of the patent." 35 U.S.C. § 271(a). In *TQP Dev., LLC v. Yelp Inc.*, Yelp, like Millennium, argued that the Complaint should be dismissed because TQP did not plead that the infringement of an expired patent occurred during the term of the patent. *TQP Dev., LLC v. Yelp Inc.*, 2:12-CV-656-JRG-RSP, 2013 WL 4771373 (E.D. Tex. Sept. 5, 2013). The court, however, rejected this argument finding that the:

> [O]verly technical objection does not warrant dismissing the complaint. 35 U.S.C. § 271(a) determines when a party is an "infringer": "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention *during the term of the patent* therefor, infringes the patent." Thus, the complaint properly pleads a claim for relief regardless of whether the pleading states that Yelp "infringes" or "infringed" the patent. *Id.* at *2 (emphasis original).

For the same reason, Millennium's argument also fails.

## **CONCLUSION**

Based on the above arguments, IPXpharma respectfully requests that Millennium's Motion to Dismiss be denied.

4

DATED:   September 17, 2014

                                    Respectfully submitted,

                                    *_/s/ Clarence J. Gideon Jr._*____
Clarence J. Gideon, Jr.
GIDEON, COOPER & ESSARY PLC
315 Deaderick Street, Suite 1100
Nashville, Tennessee 37238
*cj@gideoncooper.com*

Michael A. Florie (admitted *pro hac vice*)
Jay M. Ezelle (admitted *pro hac vice*)
Cole R. Gresham (admitted *pro hac vice*)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
*jme@starneslaw.com*
*crg@starneslaw.com*

**Attorneys for Plaintiff**
**IPXpharma, LLC**

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 17th day of September, 2014, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing, to the following attorneys of record:

Jessalyn H. Zeigler
BASS BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
JZeigler@bassberry.com

William F. Lee
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts
(617) 526-6000
william.lee@wilmerhale.com

Robert M. Galvin
Leizel A. Ching
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000
robert.galvin@wilmerhale.com
leizel.ching@wilmerhale.com

/s/ Clarence J. Gideon, Jr.