# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IPXPHARMA, LLC, | |
|     Plaintiff, | |
| v. | Case No. 3:14-cv-01545 |
| MILLENNIUM PHARMACEUTICALS, INC., | **JURY DEMANDED**<br>Judge Trauger<br>Magistrate Griffin |
|     Defendant. | |

## IPXPHARMA'S OPPOSITION TO MILLENNIUM'S MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)

# **TABLE OF CONTENTS**

Page

**TABLE OF AUTHORITIES** ................................................................................. ii

**INTRODUCTION** ...............................................................................................1

I.  BOTH THE SIXTH CIRCUIT AND THE FEDERAL CIRCUIT HAVE REJECTED THE LEGAL STANDARD ADVOCATED BY MILLENNIUM. ...........................................1

II. MILLENNIUM'S ASSERTIONS THAT IPXPHARMA IS A FICTIONAL COMPANY WITH NO WITNESSES RESIDING IN TENNESSEE, NO PRESENCE IN TENNESSEE, AND NO LOCAL INTEREST IN TRYING THIS CASE IN TENNESSEE ARE SIMPLY UNTRUE. ..................................................................................4

III. THE FACTORS, PROPERLY BALANCED, WEIGH IN FAVOR OF MAINTAINING VENUE IN THE MIDDLE DISTRICT OF TENNESSEE. ..........................................5

   A. Considering IPXpharma's Substantial Connections With the Middle District of Tennessee, Millennium Fails To Show That Massachusetts Is a More Convenient Forum For the Parties. .................................................5

   B. Millennium Has Failed to Sufficiently Describe a Non-Party or Non-Employee Witness Who Cannot Attend Trial in Tennessee. .....................6

   C. Millennium Fails to Establish that, in Light of Modern Electronic Discovery Techniques, Litigating in the Middle District of Tennessee Would Impose More than the Ordinary Costs of Discovery. ...................8

   D. The Middle District of Tennessee's Recent Handling of a Patent Infringement Claim Renders Both Forums' Familiarity with the Governing Law Neutral. ................................................................................9

   E. Consideration of Trial Efficiency, Fairness, and the Interests of Justice Have Not Been Shown to Favor Transfer. .................................................9

   F. Local Interest Is a Neutral Factor. ............................................................10

**CONCLUSION** ..................................................................................................11

# TABLE OF AUTHORITIES

**CASES**

*Anderson v. TOL, Inc.*, 927 F. Supp. 2d 475 (M.D. Tenn. 2013) .................. 2, 3, 6, 9

*B.E. Tech., LLC v. Facebook, Inc.,* 957 F. Supp. 2d 926 (W.D. Tenn. 2013) ........... 7

*Bacik v. Peek*, 888 F. Supp. 1405 (N.D. Ohio 1993) ................................................. 3

*Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031 (7th Cir. 2000) ........................................................................ 8

*Boilermaker-Blacksmith Nat. Pension Fund v. Gendron*, 67 F. Supp. 2d 1250 (D. Kan.1999) ............................................................................................................. 8

*Collins v. Am. Auto. Ins. Co.*, 230 F.2d 416 (2d Cir.1956) ...................................... 10

*Esperson v. Trugreen Ltd. Partnership*, No. 2:10-CV-02130-STA-cgc, 2010 WL 4362794 (W.D. Tenn. Oct. 5, 2010) ..................................................................... 6

*Hanning v. New England Mutual Life Ins. Co.,* 710 F. Supp. 213 (6th Cir.1989) .... 2

*In re Barnes & Nobles, Inc.*, 743 F.3d 1381 (Fed. Cir. 2014) .............................. 2, 3

*In re Genentech, Inc.*, 566 F.3d 1338 (Fed. Cir. 2009) ........................................... 10

*KANL, LLC v. Savage Sports Corp.*, No. 3:13-CV-265-TAV-CCS, 2014 WL 1745443 (Apr. 30, 2014) ................................................................................... 6, 8

*Mardini v. Presido*, No. 3:08-CV-291, 2011 WL 111245 (E.D. Tenn. 2011) .......... 3

*Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951) .................................................... 2

*Pace Ind. v. King Soopers*, No. 3:11-cv-00148, 2011 WL 1481306 (M.D. Tenn 2011) ..................................................................................................................... 3

*Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009) ................................. 2, 3

*Robert Metals, Inc. v. Florida Props. Mktg. Group, Inc.,* 138 F.R.D. 89 (N.D. Ohio 1991 ..................................................................................................................... 3

*Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954 (M.D. Tenn. 2008) ........................... 3, 6

*U.S. v. Cinemark*, 66 F. Supp. 2d 881 (1999) ............................................................ 3

*Winnett v. Caterpillar*, No. 3:06-cv-00235, 2006 WL 1722434 (M.D. Tenn. 2006) 8

# INTRODUCTION

Millennium's Motion to Transfer Venue is due to be denied for two reasons:

*First*, the legal standard at the core of Millennium's motion, has been rejected by both the Sixth Circuit and the Federal Circuit. Both Circuits have rejected Millennium's argument that the plaintiff's choice of forum should be accorded minimal weight. Instead, the applicable standard is that "unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed."

*Second*, Millennium's arguments are premised on an incorrect factual assumption that IPXpharma is a fictional entity with no physical presence or employees in Nashville. The actual evidence is that IPXpharma has substantial connections to the Middle District of Tennessee and witnesses that reside in Nashville.

Once Millennium's errors of law and fact are removed, it is clear that the balance of factors does not strongly favor transfer to Millennium's favored venue and, thus, IPXpharma's choice of forum in this Court should not be disturbed.

**I.　BOTH THE SIXTH CIRCUIT AND THE FEDERAL CIRCUIT HAVE REJECTED THE LEGAL STANDARD ADVOCATED BY MILLENNIUM.**

Millennium insists that this case must be transferred to Massachusetts based on a legal standard rejected by both the Sixth Circuit and the Federal Circuit. (Def. Mot. Transfer 4-5.) Millennium cites *Esperson v. Trugreen Ltd. Partnership*, an

unreported case from the Western District of Tennessee, for the proposition that the legal standard governing a § 1404(a) motion is the preponderance-of-the-evidence standard. *Id.* That contention is at odds with the overwhelming weight of authority—including a decision of this very Court. The correct standard is that "unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Reese v. CNH America LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (emphasis added); *Hanning v. New England Mutual Life Ins. Co.*, 710 F. Supp. 213 (6th Cir.1989); *Nicol v. Koscinski*, 188 F.2d 537 (6th Cir. 1951); *Anderson v. TOL, Inc.*, 927 F. Supp. 2d 475, 484 (M.D. Tenn. 2013) (Trauger J.).

This year the Federal Circuit specifically rejected the legal standard advocated by Millennium for cases within the Sixth Circuit. *In re Barnes & Nobles, Inc.*, 743 F.3d 1381, 1383-84 (Fed. Cir. 2014). In *Barnes & Noble*, the Federal Circuit makes clear that the lower burden of proof standard—set forth in such cases as *In re Genentech* cited by Millennium—applies only in the Fifth Circuit, and is inapplicable to § 1404(a) motions within the Sixth Circuit. *Id.* Thus, advocating that the applicable standard in the Sixth Circuit is anything other than the "strong showing" standard is plainly incorrect.

Millennium rests its argument for applying a lower standard on *Esperson*. There, the district court adopted the lesser preponderance-of–the-evidence standard based on a case from the Northern District of Ohio, affirmed without opinion by

the Federal Circuit.[1] Following the unpublished decision by the Federal Circuit affirming the Northern District of Ohio, however, the Federal Circuit and Sixth Circuit have continued applying the "strong showing" standard in reviewing § 1404(a) motions. *In re Barnes & Noble*, 743 F.3d at 1383-84; *Reese*, 574 F.3d 315 (6th Cir. 2009).

Excluding *Esperson*, the district courts within the Sixth Circuit have uniformly applied the "strong showing" standard. *Anderson*, 927 F. Supp. 2d 475; *Mardini v. Presido*, No. 3:08-CV-291, 2011 WL 111245 (E.D. Tenn. 2011); *Pace Ind. v. King Soopers*, No. 3:11-cv-00148, 2011 WL 1481306 (M.D. Tenn 2011); *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954 (M.D. Tenn. 2008); *U.S. v. Cinemark*, 66 F. Supp. 2d 881 (1999). For instance, in *Anderson v. TOL, Inc.*, current counsel for Millennium—acting as plaintiffs—successfully argued a § 1404(a) motion in which this Court applied the "strong showing" standard. *Anderson*, 927 F. Supp. 2d 475. Thus, despite Millennium's current claim to the contrary, "[w]hat is clear, at least in [the Sixth] Circuit, is that for a court to properly grant transfer the balance of all relevant factors must weigh 'strongly in favor of transfer.'" *Cinemark*, 66 F. Supp. 890 (quoting *Bacik v. Peek*, 888 F. Supp. 1405, 1414 (N.D. Ohio 1993)).

---

[1] *Robert Metals, Inc. v. Florida Props. Mktg. Group, Inc.,* 138 F.R.D. 89 (N.D. Ohio 1991.

## II. MILLENNIUM'S ASSERTIONS THAT IPXPHARMA IS A FICTIONAL COMPANY WITH NO WITNESSES RESIDING IN TENNESSEE, NO PRESENCE IN TENNESSEE, AND NO LOCAL INTEREST IN TRYING THIS CASE IN TENNESSEE ARE SIMPLY UNTRUE.

Based entirely on assumptions and incomplete investigative work, Millennium attempts to cast IPXpharma as a fictional entity attempting to "manipulate venue" with no physical presence or employees in Nashville. The actual evidence demonstrates that these assertions are false. The undisputed evidence—as opposed to the inadmissible speculation and assumptions relied on by Millennium—is that IPXpharma's principal place of business is located at 102 Woodmont Blvd. Suite 600, Nashville, Tennessee. IPXpharma has been subleasing office space from Travel Innovations Group, LLC, at this location since its inception. (Affidavit of Richard A. Maradik ("Maradik Aff."), Ex. 1, at ¶ 2; Affidavit of G. Edward Powell, Jr. ("Powell Aff."), Ex. 2, at ¶ 3). IP Equity Management, LLC, the manager of IPXpharma, has also maintained its principal place of business at the 102 Woodmont Blvd. location for the last eighteen months, and has maintained its principal place of business in Nashville since July 2010. (Mardik Aff., Ex. 1, at ¶ 3; Powell Aff., Ex. 2, at ¶ 3). Additionally, Ed Powell and Richard Jones, who both manage the day-to-day business of IPXpharma and IP Equity Management, reside in Nashville and maintain offices at the 102 Woodmont Blvd. location. (Powell Aff., Ex. 2, at ¶ 4). Therefore, despite

Millennium's unsupported assertions, the evidence clearly demonstrates that IPXpharma has strong ties to its chosen forum in Nashville.

### III. THE FACTORS, PROPERLY BALANCED, WEIGH IN FAVOR OF MAINTAINING VENUE IN THE MIDDLE DISTRICT OF TENNESSEE.

#### A. Considering IPXpharma's Substantial Connections With the Middle District of Tennessee, Millennium Fails To Show That Massachusetts Is a More Convenient Forum For the Parties.

Millennium's argument that the convenience of the parties favors transfer is premised on the assumption that neither IPXpharma nor any of its members are located in Nashville, and that IPXpharma has somehow "manipulated venue." Once this mischaracterization is corrected by the actual evidence, Millennium's logic fails to withstand scrutiny. As described above, IPXpharma has its principal place of business in Nashville, has employees in Nashville, and has its manager located in Nashville. Excluding a co-inventor of the '786 patent who resides in Russia, four of the five members of IPXpharma live within driving distance of the United States courthouse in Nashville. Thus, contrary to Millennium's assumptions and speculation, this case was brought in the Middle District of Tennessee because it is the most convenient forum for IPXpharma. (Powell Aff., Ex. 2, at ¶ 4).

Millennium claims that it will be inconvenienced because it will be required to travel by air if this action is litigated in Tennessee. (Def. Mot. Transfer 9-10.) Millennium is a large corporation with significant resources. This argument should be given little weight. *See id.* at 10. Furthermore, and perhaps too obvious, if this

{B1832799}                    5
Case 3:14-cv-01545   Document 41   Filed 09/17/14   Page 9 of 17 PageID #: 588

claim were litigated in Massachusetts, IPXpharma would be forced to travel by air and stay in hotels as well. Applying the actual evidence to this factor demonstrates that Millennium's argument with regard to the convenience of the parties fails.

### B. Millennium Has Failed to Sufficiently Describe a Non-Party or Non-Employee Witness Who Cannot Attend Trial in Tennessee.

"In order to show that another district is more convenient for witnesses, a party must do more than simply assert that another forum would be more appropriate for the witnesses; he must show that the witness will not attend or will be severely inconvenienced if the case proceeds in the forum district." *KANL, LLC v. Savage Sports Corp.*, No. 3:13-CV-265-TAV-CCS, 2014 WL 1745443 at *3 (Apr. 30, 2014) (citation omitted) (internal quotation marks omitted); *Esperson v. Trugreen Ltd. Partnership*, No. 2:10-CV-02130-STA-cgc, 2010 WL 4362794, at *8 (W.D. Tenn. Oct. 5, 2010)(emphasis added). Furthermore, in addition to showing inconvenience of the witnesses, the party seeking transfer must also provide "sufficient details respecting the witnesses and their potential testimony to enable a court to assess the materiality and the degree of convenience." *KANL*, 2014 WL 1745443 at *3. When assessing these factors, employee witnesses are of "lesser relevance" because they "can be compelled to testify on behalf of their employer." *Anderson*, 927 F. Supp. 2d at 484 (quoting *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, at 963 (M.D. Tenn. 2008)); *see Esperson*, 2010 WL 4362794 at *8.

Other than the three employee-witnesses specifically named, Millennium fails to adequately describe any witnesses who would be inconvenienced by maintaining venue in the Middle District of Tennessee. Instead, Millennium's motion relies on broad, sweeping descriptions of potential witnesses who "may" or might "possibly" have relevant information relating to this action. (Def. Mot. Transfer 7-8.) As to non-party witnesses, Millennium merely states that it has identified a patent "as possibly relevant to its invalidity position" and subsequently lists several parties affiliated with the patent. *Id.* at 8. No detail is provided regarding what testimony the witnesses might provide, or the importance of such testimony. *Id.* Courts in the Sixth Circuit require more specificity than this.

Moreover, even if Millennium had adequately described non-party witnesses, these witnesses would still be subject to the subpoena power of this court for deposition testimony. And, Millennium's statement that the non-party witnesses would not be subject to the subpoena power of this court is "not sufficient to allow the court to determine whether live testimony of [Millennium's] non-party witnesses is necessary." *B.E. Tech., LLC v. Facebook, Inc.,* 957 F. Supp. 2d 926, 935 (W.D. Tenn. 2013).

Millennium provided no evidence that any witness will not attend or will be severely inconvenienced by adjudication of this dispute in Tennessee. Instead, Millennium merely asserts that its witnesses would be required to travel if

litigation occurs in Tennessee. A mere preference to avoid travel, however, is not sufficient in this Circuit to demonstrate inconvenience requiring a change of venue *See KANL*, 2014 WL 1745443 at * 3.

Thus, because Millennium fails to sufficiently describe any witness who will be unable to attend or will be severely inconvenienced by trial in Nashville, this factor also weighs against transfer.

> **C. Millennium Fails to Establish that, in Light of Modern Electronic Discovery Techniques, Litigating in the Middle District of Tennessee Would Impose More than the Ordinary Costs of Discovery.**

It is undisputed that Millennium has relevant documents to this litigation that are likely located outside of Tennessee. That is true in every case involving a foreign defendant. Nevertheless, "courts often do not give the location of documents, alone, substantial weight, since 'records can be shipped . . . for trial with minor inconvenience and cost.'" *Winnett v. Caterpillar*, No. 3:06-cv-00235, 2006 WL 1722434, *6 (M.D. Tenn. 2006) (quoting *Boilermaker-Blacksmith Nat. Pension Fund v. Gendron*, 67 F. Supp. 2d 1250, 1257 (D. Kan.1999)); *see also Board of Trustees, Sheet Metal Workers National Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Rapid transmission of documents . . . make[s] it easy . . . for cases to be litigated with little extra burden in any of the metropolitan areas."). Millennium's sole argument with respect to the location of potential evidence claims that Millennium's business records related to the patent

at issue, along with other speculative evidence as yet to be described, are located in Massachusetts. (Def. Mot. Transfer 8-9.) While IPXpharma does not dispute the location of Millennium's relevant documentary evidence, "in light of modern electronic discovery techniques" Millennium has not provided any facts suggesting that litigating in the Middle District of Tennessee would impose more than the ordinary costs of discovery. *Anderson v. TOL*, 927 F. Supp. 2d at 484. Thus, taken as a whole, this factor is neutral.

>    D.    **The Middle District of Tennessee's Recent Handling of a Patent Infringement Claim Renders Both Forums' Familiarity with the Governing Law Neutral.**

As conceded by Millennium, because this is a patent case under federal law, both the Middle District of Tennessee and the District of Massachusetts are familiar with the governing law. Despite the Massachusetts court adopting scheduling and procedural rules, no facts suggest that such rules would better equip that court to make a sound decision in the present action. Furthermore, this Court's familiarity with patent disputes is evidenced by its recent decision in a patent infringement case just last year. *Anderson*, 927 F. Supp. 2d at 484. As a result, this factor is neutral.

>    E.    **Consideration of Trial Efficiency, Fairness, and the Interests of Justice Have Not Been Shown to Favor Transfer.**

While the practical problems of trying the case most expeditiously is a matter to consider in the Sixth Circuit, "[t]o the extent that court congestion is

{B1832799}                                   9

relevant, the speed with which a case can come to trial and be resolved may be a factor." *In re Genentech, Inc.*, 566 F.3d 1338, 1347 (Fed. Cir. 2009) (citing *Collins v. Am. Auto. Ins. Co.*, 230 F.2d 416, 419 (2d Cir.1956)). However, "this factor appears to be the most speculative and case-disposition statistics may not always tell the whole story." *Id.* Consequently, although Millennium provides statistics regarding the relative case loads of the two courts, it would be mere speculation to attempt and predict how this case would be resolved, and which court might resolve it more quickly. *See id.* Furthermore, as Millennium concedes, the median time to trial is currently substantially similar even when considering the relative caseloads of each court. Therefore, consideration of trial efficiency should be considered neutral.

### F. Local Interest Is a Neutral Factor.

Once again, to argue local interest favors transfer, Millennium must rely on an untrue statement of the facts with regard to IPXpharma's connection with the Middle District of Tennessee. IPXpharma has employees, the manager of its LLC, and its principal place of business in Nashville. Taking into account these facts, the Middle District of Tennessee clearly has a strong interest in providing a forum for a corporation located within its jurisdiction whose patent is allegedly being infringed by an out-of-state corporation. Thus, because the strong local ties to

Nashville equal that of Millennium's ties to Massachusetts, local interest is a neutral factor.

## CONCLUSION

Applying the correct facts and legal standard to this motion makes clear that the balance of factors do not strongly favor Millennium's preference for venue and, thus, IPXpharma's choice of venue in this Court should be left undisturbed.

DATED: September 17, 2014

                                            Respectfully submitted,

                                            */s/ Clarence J. Gideon Jr.*
                                            Clarence J. Gideon, Jr.
                                            GIDEON, COOPER & ESSARY PLC
                                            315 Deaderick Street, Suite 1100
                                            Nashville, Tennessee 37238
                                            *cj@gideoncooper.com*

                                            Michael A. Florie (admitted *pro hac vice*)
                                            Jay M. Ezelle (admitted *pro hac vice*)
                                            Cole R. Gresham (admitted *pro hac vice*)
                                            STARNES DAVIS FLORIE LLP
                                            100 Brookwood Place, 7th Floor
                                            P. O. Box 598512
                                            Birmingham, AL 35259-8512
                                            *jme@starneslaw.com*
                                            *crg@starneslaw.com*

                                            **Attorneys for Plaintiffs**
                                            **IPXpharma, LLC**

# CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of September, 2014, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing, to the following attorneys of record:

Jessalyn H. Zeigler
BASS BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee 37201
(615) 742-6200
JZeigler@bassberry.com

William F. Lee
WILMER CUTLER PICKERING
HALE AND DORR LLP
60 State Street
Boston, Massachusetts
(617) 526-6000
william.lee@wilmerhale.com

Robert M. Galvin
Leizel A. Ching
WILMER CUTLER PICKERING
HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California 94304
(650) 858-6000
robert.galvin@wilmerhale.com
leizel.ching@wilmerhale.com

/s/ Clarence J. Gideon, Jr.