# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IPXPHARMA, LLC,<br><br>                      Plaintiff,<br><br>    v.<br><br>MILLENNIUM PHARMACEUTICALS, INC.,<br><br>                      Defendant. | Civil Action No. 3:14-cv-01545<br>Judge Aleta A. Trauger<br>Magistrate Judge Juliet Griffin |

## MILLENNIUM PHARMACEUTICALS, INC.'S
## REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS

## TABLE OF CONTENTS

I. Introduction ...................................................................................................... 1

II. IPX Does Not Have Standing to Sue for Infringement of the '786
Patent that Occurred Before March 21, 2014 ............................................ 2

III. IPX's Complaint Is so Broad that It Fails Form 18's Pleading
Standards. ................................................................................................... 4

IV. IPX Concedes that It Did Not Plead Specific Facts for Induced or
Contributory Infringement. ........................................................................ 7

V. Conclusion ................................................................................................. 7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abraxis Bioscience, Inc. v. Navinta LLC*,
  625 F.3d 1359 (Fed. Cir. 2010) ................................................................................................ 2

*Arachnid, Inc. v. Merit Indus., Inc.*,
  939 F.2d 1574 (Fed. Cir. 1991) ............................................................................................ 2, 3

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ................................................................................................................. 5

*Bender v. LG Elecs. U.S.A., Inc.*,
  No. 09-CV-2114, 2010 WL 889541 (N.D. Cal. Mar. 11, 2010) .............................................. 6

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
  686 F. Supp. 2d 465 (D. Del. 2010) ......................................................................................... 6

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
  714 F.3d 1277 (Fed. Cir. 2013) ................................................................................................ 5

*Mas-Hamilton Group v. LaGard, Inc.*,
  156 F.3d 1206 (Fed. Cir. 1998) ................................................................................................ 2

*Messagephone, Inc. v. SVI Sys.*,
  No. 99-1471, 2000 U.S. App. LEXIS 19976 (Fed. Cir. Aug. 11, 2000) .................................. 3

*Minco, Inc. v. Combustion Eng'g*,
  95 F.3d 1109 (Fed. Cir. 1996) .................................................................................................. 3

*Moore v. Marsh*,
  74 U.S. 515 (1868) ................................................................................................................... 3

*Prism Techs., LLC v. AT&T Mobility, LLC*,
  8:12CV122, 2012 WL 3867971 (D. Neb. Sept. 6, 2012) ..................................................... 5, 6

*TQP Dev., LLC v. Yelp Inc.*,
  2:12-CV-656, 2013 WL 4771373 (E.D. Tex. Sept. 5, 2013) ................................................... 4

**I.     INTRODUCTION**

Millennium challenged IPXpharma, LLC's ("IPX") standing to sue for patent infringement because the assignment records at the U.S. Patent and Trademark Office ("USPTO") showed that the named inventors had previously assigned their rights in U.S. Patent No. 6,171,786 ("the '786 patent") to the Board of Trustees of the University of Illinois ("University of Illinois"), and there was no recorded assignment from the University of Illinois to IPX. IPX does not contest those facts. Instead, in an attempt to establish standing, IPX has now produced an assignment of the '786 patent dated March 21, 2014, from the University of Illinois back to the named inventors. This assignment apparently was never recorded at the USPTO, and it was not identified in IPX's Complaint.

However, the newly identified assignment does **not** cure IPX's lack of standing. The March 21, 2014 assignment did not assign to the inventors the right to recover damages for any past infringement of the '786 patent occurring while the University of Illinois owned the patent. It is well-established under controlling case law that an assignee cannot recover for past damages absent an **express** assignment of such rights. Therefore, the named inventors (and their purported successor-in-interest, IPX) only had standing to enforce the '786 patent for infringement occurring on or after March 21, 2014. Because the '786 patent expired on September 18, 2012, IPX lacks standing to enforce the patent during any period in which the patent was in force.

Furthermore, IPX's position that a "pleading, motion, or other paper that follows one of the Official Forms cannot be successfully attacked" does not save IPX's deficient pleading in this case because IPX's Complaint is so overbroad and vague that it fails to meet the standards of Form 18. Even if IPX were to amend its Complaint to specifically allege that Millennium has been marketing and selling VELCADE® since 2003, the Complaint does not allege

1

VELCADE® as the sole infringing product.  Instead, IPX's Complaint alleges Millennium infringes up to twenty-five claims of the '786 patent by performing a non-exhaustive list of infringing acts, during a non-descript period of time, relating to an undisclosed list of products and processes, and that VELCADE® is just one of the presumably numerous allegedly infringing products.  Such vague accusations cannot reasonably put Millennium on notice of which activity is actually being accused of infringement.

Consequently, the Court should dismiss IPX's Complaint for lack of standing and for failure to state a claim upon which relief can be granted.

## II. IPX DOES NOT HAVE STANDING TO SUE FOR INFRINGEMENT OF THE '786 PATENT THAT OCCURRED BEFORE MARCH 21, 2014.

IPX lacks legal standing to enforce the '786 patent for any infringement that occurred prior to March 21, 2014 because the March 2014 Assignment did not convey the right to past enforcement.  (Opp'n., Ex. 1 ¶ 3, Ex. A.)  The assignment transferred to the inventors "all of [the University of Illinois's] right, title and interest to all patents and patent applications covering the invention," but was silent as to the right to past enforcement.  (*Id.*)  Since the '786 patent expired on September 18, 2012, any alleged infringement of the patent must have occurred before then.  As such, there is no period for which IPX can recover for the infringement of the '786 patent.

As a general rule, only a party that possessed legal title to a patent at the time the infringement occurred can bring suit to recover damages for such infringement.  *See Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010); *see also Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1210 (Fed. Cir. 1998); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991).  A narrow exception to this rule is that a party may sue for infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so.  That right, however, must be articulated **<u>explicitly</u>** in the

2

assignment and will not be inferred by the court.  *See Arachnid*, 939 F.2d at 1579 & n.7 (noting that the right to sue for past infringement "must be express, and can not be inferred from an assignment of the patent itself."); *Moore v. Marsh*, 74 U.S. 515, 522 (1868) ("[I]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment.").  As such, "bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement." *Minco, Inc. v. Combustion Eng'g*, 95 F.3d 1109, 1117 (Fed. Cir. 1996).  *Compare Messagephone, Inc. v. SVI Sys.*, No. 99-1471, 2000 U.S. App. LEXIS 19976, at *12-*13 (Fed. Cir. Aug. 11, 2000)[1] (finding that grant of the "entire right, title, and interest" in the asserted patents, absent of any explicit language conveying the right to sue for past infringement, did not convey standing to sue for infringement that occurred before the date of the assignment), *with Minco*, 95 F.3d at 1117 (finding that the "express reference to past infringement in the [ ] assignment expanded the scope of the term 'right, title, and interest' to encompass the right to sue for prior infringement").

The March 2014 assignment from the University of Illinois back to the named inventors contains only a bare reference to the assignment of all "right, title and interest" in the '786 patent and fails to mention the right to enforce the patent for past infringement.  Because the March 2014 assignment did not explicitly include the right to recover for any past infringement occurring when the University of Illinois owned the '786 patent, the assignment did not convey such right to the inventors.  Therefore, the later April 2014 assignment of the inventors' rights in the '786 patent to IPX could not convey any right to enforce the '786 patent for infringement that occurred prior to March 21, 2014.  Because the '786 patent expired in September 18, 2012, there

---

[1] Pursuant to Local Rule 7.01(e)(5), all unreported cases cited herein are attached as Exhibit 2.

is no period for which IPX can recover damages for infringement of the '786 patent. Therefore, the Complaint should be dismissed because IPX lacks standing to bring this suit.

### III. IPX'S COMPLAINT IS SO BROAD THAT IT FAILS FORM 18'S PLEADING STANDARDS.

In IPX's Opposition, IPX takes the position that the Complaint sufficiently placed Millennium on notice as to its infringing acts because Millennium is aware that it has been marketing and selling VELCADE® since 2003. However, even if IPX were to amend its Complaint to allege specifically this fact, it would not be enough to save IPX's Complaint from being impermissibly overbroad and vague. IPX does not allege that VELCADE® is Millennium's sole infringing product. Instead, IPX alleges that Millennium infringes up to twenty-five claims of the '786 patent by performing a non-exhaustive list of infringing acts, during a non-descript period of time, relating to an undisclosed number of products and processes of which VELCADE® was just one. Such broad and vague allegations cannot plausibly place Millennium on notice as to which of its activities or products are actually being accused of infringement.

IPX tries to rescue its deficient pleading by narrowly construing the scope of Millennium's argument and pointing to *TQP Dev., LLC v. Yelp Inc.*, 2:12-CV-656, 2013 WL 4771373 (E.D. Tex. Sept. 5, 2013). IPX focuses in on one example in Millennium's overall argument and points to the fact that the *TQP* court rejected Yelp's similar argument that TQP's Complaint should be dismissed because it alleged present infringement of an expired patent. What IPX fails to discuss regarding *TQP Dev.*, and what is ultimately at issue in Millennium's Motion to Dismiss, is that a complaint must place a defendant on notice as to the allegedly infringing acts. As such, Millennium's motion to dismiss for failure to state a claim is not premised on just the fact that IPX is alleging present infringement of an expired patent. Rather

4

Millennium's position is that, taken as a whole, including the fact that no specific dates of infringement were alleged for the expired patent, IPX's Complaint is so strikingly barren of asserted facts and so impermissibly vague and overbroad that Millennium simply does not know which of its acts are being accused. While TQP's complaint spent two full pages listing every specific step and process of the accused methods and itemized each of Yelp's accused features and products, IPX's Complaint barely alleges any facts to support the scant seven lines it dedicates to parroting 35 U.S.C. § 271. (*Compare* Declaration of Leizel A. Ching ("Ching Decl."), Ex. 1, ¶ 3, Ex. E. at ¶ 7., *with* Compl. ¶ 9.) While it is true that a complaint properly pleads a claim for relief "regardless of whether the pleading states that [the defendant] 'infringes' or 'infringed' a patent," a complaint does not properly plead a claim for relief unless it places the defendant on notice of the alleged infringing devices or acts. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

As such, IPX's attempt to evoke Form 18 to rescue its pleading is equally ineffective.[2] The Federal Circuit has explicitly stated that "Form 18 in no way relaxes the clear principle of Rule 8, that a potential infringer be placed on notice of what activity or device is being accused of infringement." *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1284 (Fed. Cir. 2013). "The touchstones of an appropriate analysis under Form 18 are notice and facial plausibility." *Id.* at 1286. As such, courts have often dismissed complaints that are so broad and vague that they fail to satisfy Form 18's pleading standards. *See, e.g.*, *Prism Techs., LLC v. AT&T Mobility, LLC*, 8:12CV122, 2012 WL 3867971, at *5 (D. Neb. Sept. 6, 2012)

---

[2] On September 16, 2014, the Judicial Conference of the United States, which recommends changes to the Federal Rules of Civil Procedure, unanimously approved the abolishment of Rule 84, stating that the model forms provided by Rule 84 have grown "out of date" with modern pleading standards. The Conference recommended that the U.S. Supreme Court approve the change. (Ching Decl., Ex. 1, ¶ 4, Ex. F. at 16, Rules App. B-19.)

5

(granting plaintiff's motion to dismiss, holding that broad, nonspecific allegations of infringement did not satisfy pleading requirements of Form 18).

In *Prism Techs.*, the court granted the defendant's motion to dismiss because the complaint alleged infringing products by broadly claiming: "For example, and without limitation, AT&T sells DataConnect Plans and DataPro Plans that implement systems and methods [covered by the asserted patents.]" The court found that these vague allegations signaled by the language "for example, and without limitation" were so broad that it left AT&T with no notice as to how it allegedly infringes. *Prism Techs.*, 2012 WL 3867971, at *2, *5. *See also Bender v. LG Elecs. U.S.A., Inc.*, No. 09-CV-2114, 2010 WL 889541, at *7-*8, *19 (N.D. Cal. Mar. 11, 2010) (granting motion to dismiss, holding that a plaintiff does not state a "plausible claim for relief" where complaint provides a non-exhaustive, non-specific list of "broad categories of products," set off by the phrase "by way of example and without limitation"); *Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 468-69 (D. Del. 2010) (granting defendant's motion to dismiss, finding that plaintiff's list of accused products signaled by "such as, and by way of example only" was overbroad and failed to identify defendant's allegedly infringing devices with sufficient specificity).

IPX's Complaint is similarly overbroad and vague. It alleges that Millennium has been and/or is infringing **at least** two, but up to twenty-five, claims of the '786 patent by, **among other things,** making, using, offering to sell, and/or selling in the United States, and/or importing into the United States, and/or inducing others to do the same an undisclosed number of products and processes that includes **but is not limited to** VELCADE®. (Compl. ¶ 9.) Taken as a whole, the Complaint does not give Millennium any reasonable notice as to which Millennium products are allegedly infringing, what the alleged acts of infringement are, during which period

6

the alleged acts infringement occurred, or even which claims are at issue. As such, IPX's accusations are too broad to satisfy Form 18's pleading standards, and the Complaint should be dismissed.

## IV. IPX CONCEDES THAT IT DID NOT PLEAD SPECIFIC FACTS FOR INDUCED OR CONTRIBUTORY INFRINGEMENT.

IPX's Opposition to Millennium's motion to dismiss the claims of induced and contributory infringement provides a perfect illustration as to why IPX's Complaint wholly fails to place Millennium on notice as to which of its acts are actually at issue. In its Complaint, IPX specifically cites to 35 U.S.C. §§ 271 (b) and (c) and states that Millennium is infringing the '786 patent by "inducing others to [infringe.]" (Compl. ¶ 9.) Naturally, Millennium believed that this meant IPX was accusing Millennium of induced infringement under § 271(b) or contributory infringement under § 271(c). Now IPX responds that Millennium's argument "requires no substantive response because IPXpharma has not asserted specific claims for induced or contributory infringement." (Opp'n. at 2.) Millennium appreciates the clarification, but the references to § 271(b), § 271(c), and "inducing others to [infringe]" should be amended or stricken, if IPX did not intend to assert such claims in its Complaint.

## V. CONCLUSION

For the foregoing reasons, Millennium respectfully requests the Court to grant its motion to dismiss IPX's Complaint for lack of standing and failure to state a claim upon which relief may be granted.

7

DATED: September 24, 2014						By:   */s/ Jessalyn H. Zeigler*
Jessalyn H. Zeigler
BASS BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee  37201
(615) 742-6200
JZeigler@bassberry.com

William F. Lee (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000
william.lee@wilmerhale.com

Robert M. Galvin (*pro hac vice*)
Leizel A. Ching (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
(650) 858-6000
robert.galvin@wilmerhale.com
leizel.ching@wilmerhale.com

*Attorneys for Defendant*
*Millennium Pharmaceuticals, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this the 24th day of September, 2014, a true and correct copy of the foregoing was filed electronically with the U.S. District Court for the Middle District of Tennessee. Notice of this filing was served via the court's electronic filing system on all counsel listed below:

Clarence J. Gideon, Jr.
GIDEON, COOPER & ESSARY PLC
315 Deaderick Street, Suite 1100
Nashville, TN 37238

Jay M. Ezelle
R. Larry Fantroy, Jr.
Michael A. Florie
Cole R. Greshman
STARNES DAVIS FLORIE LLP
100 Brookwood Place
7th Floor
Birmingham, AL 35259

*/s/ Jessalyn H. Zeigler*