IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IPXPHARMA, LLC,<br><br>                      Plaintiff,<br><br>   v.<br><br>MILLENNIUM PHARMACEUTICALS, INC.,<br><br>                      Defendant. | Civil Action No. 3:14-cv-01545<br>Judge Aleta A. Trauger<br>Magistrate Judge Juliet Griffin |

**MILLENNIUM PHARMACEUTICALS, INC.'S REPLY MEMORANDUM
IN SUPPORT OF ITS MOTION TO TRANSFER VENUE
PURSUANT TO 28 U.S.C. § 1404(a)**

# TABLE OF CONTENTS

I. Introduction ........................................................................................................................... 1

II. A Preponderance of The Evidence Standard is The Proper Standard to Apply in an Analysis of a Motion to Transfer Pursuant to Section 1404(a) ..................................... 2

    A. A "Strong Showing" Standard Applies to an Analysis Under *Forum Non Conveniens*, While a Lesser Showing Applies to an Analysis Under Section 1404(a). ..................................................................................................... 2

    B. District Courts Within the Sixth Circuit Have Applied the Preponderance of the Evidence Standard in Analyzing Motions to Transfer Under Section 1404(a). ......................................................................................................... 4

III. The Private Interests of the Parties and the Public Interest Warrant Transfer to the District of Massachusetts ....................................................................................................... 6

    A. Millennium Demonstrates that Transfer is Warranted Under Both a Preponderance of the Evidence Standard and a "Strong Showing" Standard. ....................................................................................................................... 6

    B. The Private Interest Factors Weigh in Favor of Transfer. ...................................... 6

        1. The deference and weight accorded to the plaintiff's choice of forum is neutral. ............................................................................................ 6

        2. Convenience of the witnesses and availability of judicial process to compel the attendance of witnesses favor the District of Massachusetts as the forum. ...................................................................... 7

        3. The residence and convenience of the parties weigh in favor of transferring this action to the District of Massachusetts. ............................ 9

        4. The remaining private interest factors weigh in favor of transferring this action to the District of Massachusetts. .......................... 10

    C. The Public Interest Factors Weigh in Favor of Transfer. ...................................... 10

IV. Conclusion ........................................................................................................................ 10

# TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Page(s)**

*B.E. Tech., LLC v. Facebook, Inc.*,
   957 F. Supp. 2d 926 (W.D. Tenn. 2013) .................................................................................... 5

*Boys v. Mass. Mut. Life Ins.*,
   No.: 2:12-CV-445, 2013 U.S. Dist. LEXIS 103242 (E.D. Tenn. July 24, 2013) ........................ 3

*Choon's Design, LLC v. Larose Indus.*,
   Case No. 13-13569, 2013 U.S. Dist. LEXIS 156695 (E.D. Mich. Nov. 1, 2013) ....................... 4

*DeMoss v. First Artists Prod. Co.*,
   571 F. Supp. 409 (N.D. Ohio 1983) ........................................................................................... 5

*Dowling v. Richardson-Merrell, Inc.*,
   727 F.2d 608 (6th Cir. 1984) ...................................................................................................... 4

*Esperson v. Trugreen Ltd. P'ship*,
   No. 2:10-cv-02130-STA-cgc, 2010 U.S. Dist. LEXIS 114500 (W.D. Tenn.
   Oct. 5, 2010) ........................................................................................................................... 4, 5

*Functional Pathways of Tenn., LLC v. Wilson Senior Care, Inc.*,
   866 F. Supp. 2d 918 (E.D. Tenn. 2012) ..................................................................................... 6

*Gdovin v. Catawba Rental Co., Inc.*,
   596 F. Supp. 1325 (N.D. Ohio 1984) ......................................................................................... 5

*Gulf Oil v. Gilbert*,
   330 U.S. 501 (1947) ......................................................................................................... 1, 3, 4, 5

*Hanning v. New England Mutual Life Ins. Co.*,
   710 F. Supp. 213 (6th Cir. 1989) ................................................................................................ 4

*In re Aredia & Zometa Prods. Liab. Litig.*,
   No. 3:06-MD-1760, 2008 U.S. Dist. LEXIS 17906 (M.D. Tenn. Mar. 6, 2008) ........................ 8

*Int'l U.A.W. v. Aluminum Co. of Am.*,
   875 F.Supp. 430 (N.D. Ohio 1994) ............................................................................................ 5

*Jewell v. Aaron's, Inc.*,
   Case No. 1:11-cv-02314-DCN, 2012 U.S. Dist. LEXIS 22315 (N.D. Ohio
   Feb. 21, 2012) ............................................................................................................................. 5

*KANL, LLC v. Savage Sports Corp.*,
   No.: 3:13-CV-265-TAV-CCS, 2014 U.S. Dist. LEXIS 59712 (E.D. Tenn.
   Apr. 30, 2014) ................................................................................................................2, 6

*Lemon v. Druffel*,
   253 F.2d 680 (6th Cir. 1958) ...........................................................................................5

*Milan Express Co. v. Applied Underwriters Captive Risk Assur. Co.*,
   1:13-cv-01069-JDB-egb, 2013 U.S. Dist. LEXIS 184690 (W.D. Tenn. Oct. 3, 2013) ...............4

*Nicol v. Koscinski*,
   188 F.2d 537 (6th Cir. 1951) ......................................................................................3, 4

*Norwood v. Kirkpatrick*,
   349 U.S. 29 (1955) ..............................................................................................1, 3, 4, 5

*One StockDuq Holdings v. Becton, Dickinson & Co.*,
   2:12-cv-03037-JPM-tmp, 2013 U.S. Dist. LEXIS 36621 (W.D. Tenn. Mar. 18, 2013) .............5

*Reese v. CNH America LLC*,
   574 F.3d 315 (6th Cir. 2009) ...........................................................................................4

*Riley v. Cochrane Furniture Co., Inc.*,
   Case No. 94-CV-71016-DT, 1994 U.S. Dist. LEXIS 12059 (E.D. Mich. July 7, 1994) ............5

*Roberts Metals, Inc. v. Florida Props. Mktg. Gr., Inc.*,
   138 F.R.D. 89 (N.D. Ohio 1991) ..............................................................................1, 3, 4

*Stewart Org., Inc. v. Ricoh Corp.*,
   487 U.S. 22 (1988) ...........................................................................................................5

*United States v. Currency $41,180.97 in the Form of Charter One/Citizens
   Bank Check #500738627-8*,
   Civil Action No. 13-CV-14274, 2014 U.S. Dist. LEXIS 123604 (E.D. Mich.
   Sept. 4, 2014) ...................................................................................................................4

**I.      INTRODUCTION**

The Sixth Circuit law regarding the appropriate burden of proof to apply to a motion to transfer pursuant to section 1404(a) is admittedly unclear. While some district courts have applied a preponderance of the evidence standard, others have adopted a "strong showing" standard. What is clear is that the Supreme Court has held that the "strong showing" standard derived from *Gulf Oil v. Gilbert*, 330 U.S. 501, 508 (1947), which analyzed the doctrine of *forum non conveniens*, does <u>not</u> apply to a motion to transfer analysis. *See Norwood v. Kirkpatrick*, 349 U.S. 29, 31 (1955). The Court found that it is inappropriate to apply a "strong showing" standard to a section 1404(a) analysis because that standard applies to dismissing an action under *forum non conveniens*, which is a much harsher result than transferring an action under section 1404(a). *See id.* Instead, a preponderance of the evidence standard is the proper standard to apply in a motion to transfer analysis. *See Roberts Metals, Inc. v. Florida Props. Mktg. Gr., Inc.*, 138 F.R.D. 89, 93 (N.D. Ohio 1991), *aff'd per curiam*, 22 F.3d 1104 (Fed. Cir. 1994).

Notably, whether this Court applies a preponderance of the evidence standard or a "strong showing" standard, Millennium Pharmaceuticals ("Millennium") has demonstrated that transfer is warranted since the balance of factors strongly favor transfer: all private interest factors and public interest factors favor transfer or are neutral. The convenience of witnesses, often considered the most important factor when determining which forum is most convenient, weighs in favor of transfer. IPXpharma ("IPX") has not identified a single witness located in the Middle District of Tennessee who it intends to call at trial. On the other hand, Millennium has identified at least three party and six non-party, prior art witnesses who are located in the District of Massachusetts. Also, the location of the relevant documents favors transfer; IPX does not dispute that the relevant documents are located in Massachusetts. Finally, IPX does not contest

1

that the locus of the operative facts and the events that gave rise to the lawsuit favor Massachusetts as the forum.

While a plaintiff's choice of forum is a factor to be considered in a section 1404(a) analysis, this is a neutral factor. IPX does not contest that it is not registered to do business in the state of Tennessee. Nor does it contest that it is a Texas limited liability company that was formed only a month before it acquired the patent-in-suit, and five months before it filed its Complaint. IPX fails to provide any evidence supporting the assertion that it has any employees, let alone any employees in Tennessee. Under similar facts, the *KANL* court granted defendant's motion to transfer, giving minimal deference to the plaintiff's choice of forum. *See KANL, LLC v. Savage Sports Corp.*, No.: 3:13-CV-265-TAV-CCS, 2014 U.S. Dist. LEXIS 59712, at *16 (E.D. Tenn. Apr. 30, 2014).[1]

The public interest factors also weigh in favor of transfer to the District of Massachusetts. While Millennium has demonstrated a strong local interest in Massachusetts (Millennium's Memorandum in Support of its Motion to Transfer Venue ("Mot."), 13-14), IPX has provided weak evidence of any local interest in Tennessee. Additionally, IPX does not dispute that there is no undue delay or prejudice that would result from a transfer.

Accordingly, this Court should transfer the case to the District of Massachusetts.

**II.  A PREPONDERANCE OF THE EVIDENCE STANDARD IS THE PROPER STANDARD TO APPLY IN AN ANALYSIS OF A MOTION TO TRANSFER PURSUANT TO SECTION 1404(A)**

**A.  A "Strong Showing" Standard Applies to an Analysis Under *Forum Non Conveniens*, While a Lesser Showing Applies to an Analysis Under Section 1404(a).**

Sixth Circuit law regarding the appropriate burden of proof to apply to a motion to transfer pursuant to section 1404(a) is admittedly unclear. Some district courts within the Sixth

---

[1] Pursuant to Local Rule 7.01(e)(5), all unreported cases cited herein are attached as Exhibit 2.

2

Case 3:14-cv-01545   Document 49   Filed 09/25/14   Page 6 of 16 PageID #: 913

Circuit have applied a preponderance of the evidence standard. Others have applied a "strong showing" standard, erroneously derived from *Gulf Oil*. Considering the *forum non conveniens* doctrine, the Supreme Court in *Gulf Oil* held that "unless the balance is *strongly* in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." 330 U.S. at 508 (emphasis added). After the *Gulf Oil* decision, Congress enacted section 1404(a). The Sixth Circuit, relying on *Gulf Oil*, determined that a "strong showing" standard was applicable to motions to transfer under section 1404(a). *See Nicol v. Koscinski*, 188 F.2d 537, 537 (6th Cir. 1951).

However, post-*Nicol*, the Supreme Court determined that it is inappropriate to apply a "strong showing" standard to a section 1404(a) analysis because that standard applies to dismissing an action under *forum non conveniens*, which is a much harsher result than transferring an action under section 1404(a). *See Norwood*, 349 U.S. at 31. Highlighting the distinction between *forum non conveniens* and section 1404(a), the Court, *see id.* at 32, stated:

> When Congress adopted § 1404(a), it intended to do more than just codify the existing law on *forum non conveniens*. . . . Congress, in writing § 1404(a), which was an entirely new section, was revising as well as codifying. The harshest result of the application of the old doctrine of *forum non conveniens*, dismissal of the action, was eliminated by the provision in § 1404(a) for transfer. When the harshest part of the doctrine is excised by statute, it can hardly be called mere codification. As a consequence, we believe that Congress, by the term "for the convenience of parties and witnesses, in the interest of justice," intended to permit courts to grant transfers upon a *lesser showing of inconvenience.* (emphasis added)

The Federal Circuit has affirmed that it is erroneous to apply the *Gulf Oil* standard for motions to transfer and that, instead, a lesser showing is required. *See Roberts Metals*, 138 F.R.D. at 93 (applying a preponderance of the evidence standard). A number of district courts within the Sixth Circuit have held the same. *See, e.g.*, *Boys v. Mass. Mut. Life Ins.*, No.: 2:12-CV-445, 2013 U.S. Dist. LEXIS 103242, at *6-7 (E.D. Tenn. July 24, 2013) (citation omitted) ("[A]lthough § 1404(a) was initially regarded as a mere codification of the *forum non conveniens*

dismissal standard, which requires a moving party to show that the balance of inconveniences are strongly in its favor, the Supreme Court made clear in *Norwood*, that transfers under § 1404(a) may be granted more freely than dismissals under *forum non conveniens*.").

Confusion has arisen because post-*Nicol* Sixth Circuit decisions, and some district court decisions, have erroneously relied on *Gulf Oil* and its progeny, including *Nicol*, to find that a "strong showing" standard is appropriate.[2] However, the *Gulf Oil* line of cases fail to heed the *Norwood* Court's instruction to apply a "lesser showing of inconvenience." Notably, "the courts that have undertaken an analysis of what constitutes a 'lesser showing of inconvenience' have uniformly determined that the preponderance-of-the-evidence test is appropriate . . . ." *Esperson v. Trugreen Ltd. P'ship*, No. 2:10-cv-02130-STA-cgc, 2010 U.S. Dist. LEXIS 114500, at *12-13 (W.D. Tenn. Oct. 5, 2010) (citations omitted).

> **B.  District Courts Within the Sixth Circuit Have Applied the Preponderance of the Evidence Standard in Analyzing Motions to Transfer Under Section 1404(a).**

In line with the Federal Circuit's decision in *Roberts Metals*, numerous district courts within the Sixth Circuit have held that the preponderance of the evidence standard is the correct standard to apply in analyzing motions to transfer.[3] IPX inaccurately asserts that "[e]xcluding

---

[2] In arguing that a "strong showing" standard is appropriate in the context of a motion to transfer analysis, IPX cites cases (Opp'n. 2) that erroneously rely on *Gulf Oil* and its progeny analyzing the doctrine of *forum non conveniens*, not section 1404(a). *Hanning v. New England Mutual Life Ins. Co.*, 710 F. Supp. 213 (6th Cir. 1989) relies on *Nicol*, which is a pre-*Norwood* case. *Reese v. CNH America LLC*, 574 F.3d 315 (6th Cir. 2009), relies on *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608 (6th Cir. 1984), which addresses a dismissal of an action under the doctrine of *forum non conveniens*.

[3] *See, e.g.*, *United States v. Currency $41,180.97 in the Form of Charter One/Citizens Bank Check #500738627-8*, Civil Action No. 13-CV-14274, 2014 U.S. Dist. LEXIS 123604, at *7 (E.D. Mich. Sept. 4, 2014); *Choon's Design, LLC v. Larose Indus.*, Case No. 13-13569, 2013 U.S. Dist. LEXIS 156695, at *4 (E.D. Mich. Nov. 1, 2013); *Milan Express Co. v. Applied Underwriters Captive Risk Assur. Co.*, 1:13-cv-01069-JDB-egb, 2013 U.S. Dist. LEXIS 184690, at *22 (W.D. Tenn. Oct. 3, 2013); *One StockDuq Holdings v. Becton, Dickinson & Co.*, 2:12-cv-

4

*Esperson*, the district courts within the Sixth Circuit have uniformly applied the 'strong showing' standard." (Opp'n. 3.) In fact, *B.E. Tech., LLC v. Facebook, Inc.*, 957 F. Supp. 2d 926, 930-31 (W.D. Tenn. 2013), cited by IPX (Opp'n. 7), is one such example of a court rejecting the "strong showing" standard: "Initially, [plaintiff] argues that there is a strong presumption in favor of its choice of forum, and that its choice of forum should not be disturbed unless the defendant carries its burden to demonstrate that the balance of convenience strongly favors transfer. [Plaintiff's] argument is erroneously derived from the more stringent forum-non-conveniens standard. . . . '[T]he movant must show that the forum to which he desires to transfer the litigation is the more convenient one vis a vis the Plaintiff's initial choice.'"

Consistent with rejecting the *Gulf Oil* standard's strong presumption in favor of a plaintiff's choice of forum in the context of a section 1404(a) analysis, the Supreme Court recognized that a plaintiff's choice of forum "is only one relevant factor for [the court's] consideration." *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 31 (1988). The Sixth Circuit and a number of district courts within the Sixth Circuit have not accorded decisive weight to a plaintiff's choice of forum. *See, e.g.*, *Lemon v. Druffel*, 253 F.2d 680, 685 (6th Cir. 1958) ("The choice of the forum by the petitioner is no longer as dominant a factor as it was prior to the ruling in *Norwood*"); *Esperson*, 2010 U.S. Dist. LEXIS 114500, at *16 (citing *DeMoss v. First Artists Prod. Co.*, 571 F. Supp. 409, 413 (N.D. Ohio 1983) ("'Courts in [the Sixth Circuit] do not assign plaintiff's choice paramount importance, but simply treat it as one factor to be weighed

---

03037-JPM-tmp, 2013 U.S. Dist. LEXIS 36621, at *8 (W.D. Tenn. Mar. 18, 2013); *Jewell v. Aaron's, Inc.*, Case No. 1:11-cv-02314-DCN, 2012 U.S. Dist. LEXIS 22315, at *7 (N.D. Ohio Feb. 21, 2012); *Int'l U.A.W. v. Aluminum Co. of Am.*, 875 F.Supp. 430, 433 (N.D. Ohio 1994); *Riley v. Cochrane Furniture Co., Inc.*, Case No. 94-CV-71016-DT, 1994 U.S. Dist. LEXIS 12059, at *5 (E.D. Mich. July 7, 1994); *Gdovin v. Catawba Rental Co., Inc.*, 596 F. Supp. 1325, 1326 (N.D. Ohio 1984).

equally with other relevant factors.'")); *Functional Pathways of Tenn., LLC v. Wilson Senior Care, Inc.*, 866 F. Supp. 2d 918, 932 (E.D. Tenn. 2012) (same).

### III. THE PRIVATE INTERESTS OF THE PARTIES AND THE PUBLIC INTEREST WARRANT TRANSFER TO THE DISTRICT OF MASSACHUSETTS.

#### A. Millennium Demonstrates that Transfer is Warranted Under Both a Preponderance of the Evidence Standard and a "Strong Showing" Standard.

While the correct burden of proof to apply is a preponderance of the evidence standard, even if this Court were to examine this motion under a "strong showing" standard, Millennium has demonstrated that transfer is warranted since the balance of factors strongly favor transfer: all private interest factors and public interest factors favor transfer or are neutral.

#### B. The Private Interest Factors Weigh in Favor of Transfer.

##### 1. The deference and weight accorded to the plaintiff's choice of forum is neutral.

While a plaintiff's choice of forum is a factor to be considered in the section 1404(a) analysis, this is a neutral factor. IPX does not contest that it is not registered to do business in the state of Tennessee. Nor does it contest that it is a Texas limited liability company that was formed only a month before it acquired the patent-in-suit, and five months before it filed its Complaint. These facts are similar to those in *KANL*, in which the court granted defendant's motion to transfer, giving minimal deference to the plaintiff's choice of forum. *See KANL*, 2014 U.S. Dist. LEXIS 59712, at *16 (citations omitted). In *KANL*, the record also indicated that the plaintiff only employed two individuals, neither of whom resided within Tennessee. IPX asserts that it "has employees in Nashville." (Opp'n. 5.) However, IPX fails to provide any evidence supporting the assertion that it has any employees, let alone any in Tennessee. G. Edward Powell, Jr. claims to be the "CEO of IPX," (Opp'n., Ex. 2, Affidavit of G. Edward Powell, Jr.

("Powell Aff.") ¶ 2), which appears to be a reference to IPX, Inc.,[4] a non-party to this action, rather than plaintiff IPXpharma, LLC. Additionally, Richard Jones and Ed White (Powell Aff. ¶ 4) are identified, but it is unclear whether they are employed by IP Equity Management, LLC, a non-party to this action; IPX, Inc., also a non-party to this action; or plaintiff IPXpharma, LLC. Moreover, Ed White is identified as being "based in Austin, Texas." (Powell Aff. ¶ 4.) While IPX asserts that its "manager" is in Tennessee, (Opp'n. 5), this should be given minimal, if any, weight since IP Equity Management, LLC is a non-party and is unlikely to have any relevant information regarding the issues to be tried.

Accordingly, this factor does not weigh in favor of keeping this action in Tennessee.

### 2. Convenience of the witnesses and availability of judicial process to compel the attendance of witnesses favor the District of Massachusetts as the forum.

IPX has not identified a single witness located in the Middle District of Tennessee who it intends to call at trial. IPX's assertion that it has "witnesses that reside in Nashville" (Opp'n. 1) is unsupported by any evidence. With respect to party witnesses, IPX fails to identify any party witnesses in Tennessee who have any relevant information relating to this action and the subject matter upon which they might testify, particularly since IPX only acquired the patent at issue in this case shortly before filing suit. On the other hand, Millennium has identified at least three party witnesses who are located in the District of Massachusetts. (Mot. 7.)

Neither IPX nor Millennium have identified any non-party witnesses in Tennessee. The following table identifies non-party witnesses in Massachusetts who may have relevant information relating to this action and the subject matter upon which they might testify:

---

[4] IPX, Inc., distinct from IPXpharma, LLC, also subleases office space from Travel Innovations Group, LLC. (Opp'n., Ex. 1, Affidavit of Richard A. Maradik ¶¶ 2, 3.)

| Witness | Subject Matter |
|---|---|
| Phillip A. Sharp | Invention of potential prior art U.S. Patent No. 6,410,516; state of the technology at the time that named inventors applied for patent-in-suit |
| President & Fellows of Harvard College | Ownership of potential prior art U.S. Patent No. 6,410,516 |
| Massachusetts Institute of Technology | Ownership of potential prior art U.S. Patent No. 6,410,516 |
| Whitehead Institute for Biomedical Research | Ownership of potential prior art U.S. Patent No. 6,410,516 |
| David Berstein | Prosecution of potential prior art U.S. Patent No. 6,410,516 |
| Matthew Vincent | Prosecution of potential prior art U.S. Patent No. 6,410,516 |

Additionally, once discovery commences, Millennium may identify and call as witnesses former employees who may reside in Massachusetts since Massachusetts is a major commercial and academic center for the pharmaceutical industry. These non-party witnesses would be under the subpoena power of the District of Massachusetts.

IPX argues that even if this action were to proceed in Tennessee, Millennium's non-party witnesses would be subject to the subpoena power of this court for deposition testimony. However, as this court has stated, "the method of presenting videotaped depositions is not the equivalent of live testimony by . . . witnesses. '[T]o fix the place of trial at a point where litigants cannot compel personal attendance and may be forced to try their case on deposition, is to create a condition not satisfactory to court, jury or most litigants.' Trial by videotape is simply not preferable to live examination in front of a jury. After having held more than 150 trials, this Court is of the opinion that live testimony is preferable to deposition testimony." *In re Aredia & Zometa Prods. Liab. Litig.*, No. 3:06-MD-1760, 2008 U.S. Dist. LEXIS 17906, at *13 (M.D. Tenn. Mar. 6, 2008) (citations omitted) (finding that the inability of the presiding court to compel the live testimony of witnesses at trial weighed in favor of transfer).

Accordingly, this factor weighs in favor of transfer.

8

### 3. The residence and convenience of the parties weigh in favor of transferring this action to the District of Massachusetts.

While IPX asserts that its "principal place of business" is in Nashville, this should be given minimal weight since, as discussed *supra*, there is no evidence that IPX has any employees, let alone any in Nashville. IPX makes an unsupported assertion that four of its five members are "within driving distance of the United States courthouse in Nashville." (Opp'n. 5.) A significant detail that IPX omits is the fact that driving distances are so lengthy for most of its members that travel by air may actually be more convenient. Hotel stays would be required for most of IPX's members whether the trial is held in Tennessee or Massachusetts. For Karthik Gopalakrishnan, car travel to the Nashville courthouse would take approximately 7.5 hours.[5] (Declaration of Leizel A. Ching ("Ching Decl."), Ex. 1, ¶ 3.) For Igor Roninson, car travel would take approximately 6.5 hours from Lexington, South Carolina. (Ching Decl. ¶ 4.) For Senex Biotechnology, Inc., car travel would take approximately 6.5 hours from Columbia, South Carolina. (Ching Decl. ¶ 5.) Alexander Shtil is located in Moscow. Only IPX's "manager" is purportedly located in Nashville. Four out of five of IPX's members are not within practical driving distance to the Nashville courthouse; these members will probably stay in hotels and travel by plane regardless of whether the trial is held in Tennessee or Massachusetts.

If this action proceeds in Tennessee, Millennium, headquartered in Massachusetts, would have to fly its party witnesses to Tennessee and stay in hotels. Unlike IPX, this disruption would be significant to Millennium because its employees are actively involved in drug discovery and development. On the other hand, if the action proceeds in Massachusetts, then the vast majority, if not all, of Millennium's party witnesses would not have to fly or stay in hotels for trial but

---

[5] IPX does not contest that Karthik Gopalakrishnan is in North Carolina. Mr. Gopalakrishnan is identified as working at Duke University. (Mot., Ex. 2, Ex. J.)

could rather travel by car or take local transportation to the nearby federal courthouse, which would take approximately 12 minutes by car. (Ching Decl. ¶ 6.)

Since the District of Massachusetts is a significantly more convenient venue for Millennium, and it does not appear to be a significantly less convenient venue for IPX, this factor weighs in favor of transfer.

### 4. The remaining private interest factors weigh in favor of transferring this action to the District of Massachusetts.

The location of the relevant documents weighs in favor of transfer: IPX does not dispute that Millennium has relevant documents in Massachusetts and does not assert that IPX has any relevant records in Tennessee. IPX does not contest that the locus of the operative facts and the events that gave rise to the lawsuit favor Massachusetts as the forum.

## C. The Public Interest Factors Weigh in Favor of Transfer.

Local interest weighs in favor of transfer to Massachusetts (*see* Mot. 13-14). IPX has offered minimal evidence of any local interest in Tennessee. IPX fails to provide any evidence supporting the assertion that it has any employees, let alone any in Tennessee. The fact that IPX's "manager" is located in Tennessee does not deserve any weight since IP Equity Management, LLC is a non-party to the instant action. IPX's remaining basis for asserting a local interest, that its principal place of business is in Nashville, is weak in light of the fact that IPX is not registered to do business in the state of Tennessee and was recently formed. Practically speaking, there is negligible, if any, local interest in the alleged infringement of an expired patent recently acquired by a newly formed Texas non-practicing entity.

Also, IPX does not dispute that no undue delay or prejudice would result from a transfer.

## IV. CONCLUSION

For the foregoing reasons, Millennium respectfully requests that this Court transfer this case to the District of Massachusetts.

DATED: September 24, 2014    By: */s/ Jessalyn H. Zeigler*
Jessalyn H. Zeigler
BASS BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee  37201
(615) 742-6200
JZeigler@bassberry.com

William F. Lee (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000
william.lee@wilmerhale.com

Robert M. Galvin (*pro hac vice*)
Leizel A. Ching (*pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
(650) 858-6000
robert.galvin@wilmerhale.com
leizel.ching@wilmerhale.com

*Attorneys for Defendant*
*Millennium Pharmaceuticals, Inc.*

**CERTIFICATE OF SERVICE**

   I hereby certify that, on this the 24th day of September, 2014, a true and correct copy of the foregoing was filed electronically with the U.S. District Court for the Middle District of Tennessee. Notice of this filing was served via the court's electronic filing system on all counsel listed below:

  Clarence J. Gideon, Jr.
  GIDEON, COOPER & ESSARY PLC
  315 Deaderick Street, Suite 1100
  Nashville, TN  37238

  Jay M. Ezelle
  R. Larry Fantroy, Jr.
  Michael A. Florie
  Cole R. Greshman
  STARNES DAVIS FLORIE LLP
  100 Brookwood Place
  7th Floor
  Birmingham, AL  35259

                */s/ Jessalyn H. Zeigler*