IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| IPXPHARMA, LLC,<br><br>　　　　　　　　Plaintiff,<br><br>　v.<br><br>MILLENNIUM PHARMACEUTICALS, INC.,<br><br>　　　　　　　　Defendant. | Civil Action No. 3:14-cv-01545<br>Judge Aleta A. Trauger<br>Magistrate Judge Juliet Griffin |

**MILLENNIUM PHARMACEUTICALS, INC.'S
RESPONSE TO IPX'S SUR-REPLY TO MILLENNIUM'S MOTION TO DISMISS**

I.   INTRODUCTION

In its Reply Memorandum, Millennium challenged IPXpharma, LLC's ("IPX") standing to sue for patent infringement of U.S. Patent No. 6,171,786 ("the '786 patent") because the March 21, 2014 assignment that IPX produced did not convey the right to recover damages for past infringement of the '786 patent. IPX does not contest this fact. Instead, IPX now produces another unrecorded document in another attempt to establish standing where none exists. This time IPX only produces a three sentence letter from an office administrator at the University of Illinois at Chicago ("University of Illinois") to the prosecuting attorney of the invention at issue, asking the attorney to stop prosecuting a patent application on the University of Illinois's behalf. (Sur-Reply, Ex. 1, ¶4, Ex. A.)

This newly identified letter does **not** cure IPX's deficient standing. A plain reading of the letter shows that it is simply a letter from an office administrator directing the prosecuting attorney to put his pen down. The letter is not a legal written assignment capable of transferring ownership of the invention. In fact, the letter was not even addressed to the inventors or signed by someone who had authority to transfer the University's intellectual property rights.

IPX's attempt to characterize the March 21, 2014 assignment as "merely" a "formal confirmation" of a February 2, 1999 assignment fails because the March 2014 assignment is wholly inconsistent with IPX's belated argument that there was an earlier assignment. Specifically, the March 2014 assignment did not mention any prior assignments, was written in the present tense, and contained restrictions that were absent from the February 1999 letter.

At best, the February 1999 letter provides circumstantial evidence that the University of Illinois may have planned on assigning the rights to the invention to the inventors, but IPX fails to identify any written assignment that shows the University of Illinois acted on that intention until March 21, 2014. Because the March 2014 assignment does not convey the right to recover

1

for past damages—a fact that IPX does not contest—IPX fails to provide **any** evidence that the named inventors of the '786 patent (and their successor-in-interest, IPX) have the right to enforce the '786 patent during any period in which the patent was in force. Therefore, IPX's Complaint should be dismissed for lack of standing.

## II. THE 1999 LETTER IS NOT AN ASSIGNMENT THAT COULD TRANSFER RIGHTS FROM THE UNIVERSITY TO THE NAMED INVENTORS.

Millennium agrees that "[a]pplications for patents, patents, or any interest therein, shall be assignable in law by an instrument in writing." 35 U.S.C. § 261; *see Speedplay, Inc. v. Bebop, Inc.*, 211 F.3d 1245, 1250 (Fed. Cir. 2000). IPX provides no such written instrument. Instead, IPX identifies a letter from a staff member at the University's Intellectual Property Office to the prosecuting attorney, telling the attorney to stop working on the patent application. IPX calls this letter a "Letter Agreement," spends nine pages parsing and analyzing the three sentences of the letter (one of which is, "If you need additional information or have questions, please feel free to contact me."), and tries to argue that the letter is an assignment of all rights in the invention from the University of Illinois to the named inventors (who the letter was not even addressed to). (Sur-Reply, Ex. 1, ¶, Ex. A.) This argument fails because the February 1999 letter is not a legal assignment of intellectual property rights and the March 2014 assignment entirely contradicts the position that there was a February 1999 assignment.

### A. The February 2, 1999 Letter is not a Legal Assignment of Intellectual Property Rights.

The February 1999 letter cannot reasonably be construed as an agreement, much less an assignment of intellectual property rights from the University of Illinois to the named inventors. A plain reading of the two substantive sentences in the letter clearly indicates that the letter was intended solely to let the prosecuting attorney know that he should stop working on the patent

2

application. (*Id.*)  In fact, the letter was addressed **only** to prosecuting attorney Kevin E. Noonan, and not to the named inventors.  (*Id.*)

Furthermore, the February 1999 letter is not a legal contract under the University Of Illinois's Board of Trustee's 1998 General Rules Concerning the University Organization and Procedure.  (Declaration of Leizel A. Ching ("Ching Decl."), Ex. 1, ¶ 3, Ex. G.)  Specifically, Section 4(i) of Article II of the General Rules states that although authorized delegates may execute contracts on behalf of the University, they must execute and attest to contracts "in the name of the comptroller and the secretary of the board."  (*Id.* at 6.)  IPX's "Letter Agreement" is signed by Susan Gray, a Marketing & Technology Transfer Specialist.  Moreover, Section 5(b) of Article II of the General Rules requires all contracts to be approved of by the university counsel, and the "approval is to be endorsed in writing on the contract."  (*Id.* at 7.)  There is no such endorsement on the February 1999 letter, nor does it have any of the other indicia one would expect of an effective assignment of a property interest from a public university. *Compare* Ching Decl., Ex. 1, ¶ 3, Ex. G (February 1999 letter) *with* Opp'n, Ex. 1, ¶ 3, Ex. A (March 2014 assignment).

As such, the February 1999 letter cannot be construed as a legal assignment of all present and future rights to the named invention from the University of Illinois to the named inventors.

### B. The March 2014 Assignment Contradicts the Argument That There Was a February 1999 Assignment.

IPX attempts to characterize the March 21, 2014 assignment as a formal confirmation of the February 2, 1999 assignment, but this argument fails because the March 2014 assignment contradicts the position that there was any earlier assignment from the University to the named inventors.

3

Specifically, the March 2014 assignment has an "Effective Date" of March 21, 2014 and makes no reference to any earlier assignment. Instead, the entire March 2014 assignment is drafted in the present tense. For example, the assignment states that the University of Illinois "**has** proprietary rights to the invention" and, "**[n]ow** therefore…the parties **agree** as follows: [the University of Illinois] **hereby assigns** to [the] inventors…and [the] inventors **agree to accept** such assignment." (Opp'n, Ex. 1, ¶ 3, Ex. A (emphasis added).)

Furthermore, the March 2014 assignment has restrictions that were not in the February 1999 letter. Specifically, in the March 2014 assignment, the inventors granted the University of Illinois a perpetual, royalty-free license to use the invention for research and educational purposes. (*Id.*) This clause is entirely inconsistent with IPX's position that the February 1999 "Letter Agreement" left "no qualifications or carve-outs reserving any rights in the invention to [the University of] Illinois" and that "there can be little doubt that [the University of] Illinois intended to transfer all of its rights in the invention to the inventors." (Sur-Reply at 6.)

IPX's discussion of *Sims v. Mack Trucks, Inc.*, 407 F. Supp. 742 (E.D. Penn. 1976) is irrelevant and easily distinguishable. The court in this 1976 case granted the defendant's motion to dismiss for lack of standing because the plaintiff had agreed to assign all of its rights to the patent to a third party. *Id.* at 743. The court held that a clause in the agreement that placed the assignment in escrow did not reserve standing for the plaintiff until the buyer paid the full purchase price. *Id.* at 744. As previously discussed, IPX produces no agreement to assign the patent at issue, much less an agreement containing additional clauses that the inventors failed to fulfill. As such, the only analogous fact in *Sims* is that the plaintiff lacked standing to enforce the asserted patent.

4

Case 3:14-cv-01545   Document 54-1   Filed 10/13/14   Page 5 of 8 PageID #: 1056

In fact, the only thing that the February 1999 letter could be is circumstantial evidence that the University *may have planned* to assign the rights to the inventors. However, the 1999 letter is not a written assignment of those rights, as required by 35 U.S.C. § 261. *See also Speedplay*, 211 F.3d at 1250. IPX fails to identify any written assignment that sufficiently evidences this purported February 2, 1999 assignment, and therefore fails to establish that it has standing to enforce the '786 patent prior to March 21, 2014. As such, IPX's Complaint should be dismissed.

## III. CONCLUSION

For the foregoing reasons, Millennium respectfully requests the Court to grant its motion to dismiss IPX's Complaint for lack of standing.

5

DATED: October 13, 2014				By:  */s/ Jessalyn H. Zeigler*
Jessalyn H. Zeigler
BASS BERRY & SIMS, PLC
150 Third Avenue South, Suite 2800
Nashville, Tennessee  37201
(615) 742-6200
JZeigler@bassberry.com

William F. Lee (*pro hac vice* pending)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, Massachusetts  02109
(617) 526-6000
william.lee@wilmerhale.com

Robert M. Galvin (*pro hac vice* pending)
Leizel A. Ching (*pro hac vice* pending)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
950 Page Mill Road
Palo Alto, California  94304
(650) 858-6000
robert.galvin@wilmerhale.com
leizel.ching@wilmerhale.com

*Attorneys for Defendant
Millennium Pharmaceuticals, Inc.*

# CERTIFICATE OF SERVICE

I hereby certify that, on this the 13th day of October, 2014, a true and correct copy of the foregoing was filed electronically with the U.S. District Court for the Middle District of Tennessee. Notice of this filing was served via the court's electronic filing system on all counsel listed below:

Clarence J. Gideon, Jr.
GIDEON, COOPER & ESSARY PLC
315 Deaderick Street, Suite 1100
Nashville, TN  37238

Jay M. Ezelle
R. Larry Fantroy, Jr.
Michael A. Florie
Cole R. Greshman
STARNES DAVIS FLORIE LLP
100 Brookwood Place
7th Floor
Birmingham, AL  35259


              */s/ Jessalyn H. Zeigler*